### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| POTTERS INDUSTRIES, LLC, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    Case No. 17-2724-DDC <br> ) |
| ROBERT A. HANSON, JR., | ) <br> ) |
| Defendant. | ) |

### AGREED CONFIDENTIALITY AND PROTECTIVE ORDER

Plaintiff Potters Industries, LLC ("Potters") and Defendant Robert A. Hanson, Jr. ("Mr. Hanson") (collectively the "Parties") agree that, during the course of discovery, it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The Parties jointly request entry of this Agreed Confidentiality and Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The Parties assert in support of their request that protection of the identified categories of confidential information is necessary because:

      A.    This is an action which involves alleged unfair competition in violation of a non-compete agreement and the alleged misappropriation of and unlawful use of confidential business information and trade secret information.

      B.    Therefore, in the course of discovery, documents purportedly containing confidential business information or trade secret information may be sought and/or used by the Parties or other persons or entities described herein.

      C.    The Federal Rules of Civil Procedure provide for the issuance of a protective order limiting the disclosure and use of information and documents for good cause.

D.  Good cause exists for the issuance of a Protective Order in this case because discovery may result in the production of materials that are confidential and, if not protected by an appropriate protective order, will result in the potential for damage to one or more of the parties and/or their employees. In addition, good cause exists, because the entry of such an order will permit discovery with less likelihood of disputes about confidentiality which would otherwise hinder the discovery process.

For good cause shown under Federal Rule of Civil Procedure 26(c), the Court grants the Parties' Joint Motion for Entry of Agreed Confidentiality and Protective Order and hereby enters the following Protective Order:

1. **Scope of Protective Order:** All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2. **General Definitions:**

    (a) The term "Person" shall mean any natural person and any corporation, partnership, association or other entity.

    (b) The term "Party" shall mean Plaintiff Potters Industries, LLC, Defendant Robert A. Hanson, Jr., and any other person who may become a named party to this matter.

    (c) The term "Producing Party" shall mean any Person requested or required to produce documents or information in this action, whether by discovery request or by subpoena.

3. **Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as any discovery material that the producing party, in good faith, reasonably believes contains or constitutes (a) information not in the public domain that reflects

confidential financial or commercial information, or information otherwise entitled to protection, (b) matters that constitute or contain trade secrets pursuant to applicable law, and (c) non-public personal information of third-parties or customers, including information that identifies the personal or financial information for a given person, including name, address, account number, telephone number, place or position of work, or other identifying information.

4. **Attorneys' Eyes Only Designation.** Confidential Information furnished in this action by any Producing Party may be further designated as "AEO" (i.e., ATTORNEYS' EYES ONLY). Thus, attorneys' eyes only information shall not be disclosed to any person other than:

(a) Counsel for the Parties in this action who are actively engaged in the conduct of this litigation, and the partners, associates, secretaries, legal assistants, and employees of such counsel, to the extent reasonably necessary to render professional services in the litigation;

(b) Court personnel, court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

(c) Any independent document reproduction services or document recording and retrieval services; and

(d) Such other persons who may be specifically designated and qualified to receive Confidential Information pursuant to Court Order or agreement of the Parties; and

(e) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgement and Agreement to be Bound.

5. **Form and Timing of Designation.** Any Producing Party may designate any document, thing, material, portion of transcripts or videotapes of depositions or other testimony, or other information derived therefrom, or response to discovery (including answers to interrogatories and discovery requests), as "CONFIDENTIAL" or "CONFIDENTIAL – AEO," under the terms of this Order. All Confidential Information or Confidential – AEO Information

3

shall be used and disclosed solely in accordance with the terms of this Order and for the purposes of the prosecution or defense of this matter and shall not be used or disclosed for any other purpose, unless ordered by this Court, or another court or any administrative agency having jurisdiction in this action. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. This Order is entered into for purposes of facilitating the production of discovery materials. At any hearing or trial in this matter, the party claiming that the material is confidential or a trade secret bears the burden of establishing that the material is, in fact, confidential or a trade secret. The fact that material has been designated as confidential or a trade secret in discovery does not preclude any other party from arguing that the material is neither confidential nor a trade secret.

6. **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 14 days after discovery of the inadvertent failure.

7. **Depositions.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within seven (7) days after receipt of the deposition transcript.  Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

8. **Protection of Confidential Information.**

   (a) **General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals, or any other related legal proceeding brought by one of the parties to this litigation.

4

(b) **Who May View Designated Confidential Information.** Except with the prior written consent of the designated party or prior order of the Court, designated Confidential Information may only be disclosed to the following persons:

a. Counsel for the Parties in this action who are actively engaged in the conduct of this litigation, and the partners, associates, secretaries, legal assistants, and employees of such counsel, to the extent reasonably necessary to render professional services in the litigation;

b. Court personnel, court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

c. Any independent document reproduction services or document recording and retrieval services;

d. Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgement and Agreement to be Bound;

e. Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

f. The author or recipient of the document (not including a person who received the document in the course of the litigation); and

g. Such other persons who may be specifically designated and qualified to receive Confidential Information pursuant to Court Order or agreement of the Parties.

(c) **Control of Documents.** The Parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. Counsel for the Parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

9. **Filing of Confidential Information.** In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the Court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The Parties understand that the requested documents may be filed under seal only with the permission of the Court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. Pro hac vice attorneys must obtain sealed documents from local counsel.

10. **Challenges to Confidential Designation.** The designation of any material or document as Confidential Information or AEO is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the Court rules on the challenge, all Parties must continue to treat the materials as Confidential Information or AEO under the terms of this Order.

11. **Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the Court and the other parties without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

12. **Obligations on Conclusion of Litigation.**

   (a) **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after the conclusion of the litigation.

   (b) **Return of Confidential Documents.** Within 60 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as Confidential Information or AEO, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

   (c) **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information or AEO material, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be governed by this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

13. **Order Subject to Modification.** This Order is subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning

the subject matter. The Order must not, however, be modified until the Parties have been given notice and an opportunity to be heard on the proposed modification.

14. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information or AEO is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

15. **Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

16. **Jurisdiction.** The Court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

17. **Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the Court their written agreement to be bound by the provisions of this Order.

18. **Protections Extended to Third-Party's Confidential Information.** The Parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

19. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information designated by the other party to this case.

20. **Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work product protection, including, but not limited, to information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the

producing party within seven (7) days, regardless of whether the receiving party agrees with the claim of privilege and/or work product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence.

**IT IS SO ORDERED.**

Dated: February 6, 2018

s/ K. Gary Sebelius
K. Gary Sebelius
U. S. Magistrate

<table>
<tr><td>

**WE SO MOVE**
**and agree to abide by the terms**
**of this Order.**

SPENCER FANE LLP

/s/ Brian Peterson
Douglas M. Weems           KS # 14771
Brian Peterson             KS # 26303
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106
Tel: (816) 474-8100
Fax: (816) 474-3216
dweems@spencerfane.com
bpeterson@spencerfane.com
***Attorneys for Robert A. Hanson, Jr.***

</td><td>

**WE SO MOVE**
**and agree to abide by the terms**
**of this Order.**

COZEN O'CONNOR

/s/ William Moorhead
William Moorhead   (*admitted Pro Hac Vice*)
One Oxford Centre
301 Grant Street, 26th Floor
Pittsburg, Pennsylvania 15219
Tel: 412-620-650
Fax: 412-275-2390
wmoorhead@cozen.com

Kelly D. Stohs            KS # 21174
POLSINELLI PC
6201 College Boulevard, Suite 500
Overland Park, Kansas 66211
Telephone: 913-451-8788
Fascimile: 816-753-1536
kstohs@polsinelli.com

W. Terrance Kilroy        Federal ID # 70387
POLSINELLI PC
900 W. 48th Place, Suite 500
Overland Park, KS 66211
Telephone: 816-753-1000
Facsimile: 816-753-1536
tkilroy@polsinelli.com
***Attorneys for Potters Industries, LLC***

</td></tr>
</table>

## ATTACHMENT A

## Acknowledgement and Agreement to Be Bound

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the case captioned *Potters Industries, LLC v. Robert Hanson, Jr.*, Case No. 2:17-cv-02724, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Kansas in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information or AEO in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information or AEO material to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of Court.

_____

**Date:**

**Name:**

**Employer:**

**Business Address:**