IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**POTTERS INDUSTRIES, LLC,**

        **Plaintiff,**

v.

**ROBERT A. HANSON, JR.,**

        **Defendant.**

Case No.  17-2724-DDC-KGS

## MEMORANDUM AND ORDER

On March 2, 2018, the court held a preliminary injunction hearing in this case. At the hearing, plaintiff sought to place and keep Exhibits 12-A through 12-J, Exhibit 12-L, and Exhibit A to Joseph Dotson's Declaration under seal. The court provisionally granted the motion, but asked the parties to submit written materials further detailing the parties' positions. Then, on March 20, 2018, the parties informed the court that they had reached an agreement to resolve the case. While this announcement mooted plaintiff's Motion for Preliminary Injunction (Doc. 37), it did not moot plaintiff's Motion to Maintain Certain Evidence under Seal (Doc. 34) because the public has a "general right to inspect and copy public records and documents . . . ." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). So, the court must decide if the public's right to access court documents outweighs the parties' right to keep these exhibits under seal. *See id.* (holding that while the public has a right to access court records, this right is not absolute). Here, the court finds that the interest served by keeping these exhibits under seal outweighs the public's interest in access to these documents. The court briefly explains the basis for this finding in the following paragraphs.

First, neither the public nor members of the media have demonstrated any interest in the proceedings. At the preliminary injunction hearing, only the parties, their counsel, and a law student interning with a judge appeared. And while the public has some level of interest in all proceedings conducted in a forum funded by taxpayers, the *Nixon* standard directs the court to weigh that interest against factors favoring a different outcome. *See id.* at 602 (weighing the public's interest in the Nixon tapes and the public's right to access judicial records against President Nixon's right to privacy and his "property interest in the sound of his own voice"). Here, the public and press have manifested an apathy for the details of this particular case. The court thus evaluates the public's interest in the exhibits as slight.

This takes the analysis to the second factor: the interests, if any, that favor sealing the exhibits. Plaintiff explains that it has spent millions of dollars developing a product called "ThermoDrop." Doc. 38 at 2. And the few exhibits that plaintiff asks the court to seal, plaintiff argues, contain information that could allow others to copy plaintiff's hard work. The court has reviewed these documents and agrees with plaintiff that they contain information that could allow others to reap the rewards of plaintiff's investment. And the Tenth Circuit has held before that courts properly may seal confidential information relating to a company's business practices. *Sorenson Commc'ns, Inc. v. FCC*, 659 F.3d 1035, 1041 n.4 (10th Cir. 2011). The court thus concludes that plaintiff has a great interest in having these exhibits kept under seal. Because the public interest in access to these exhibits is low and plaintiff's interest in sealing these exhibits is high, the court grants plaintiff's Motion to Maintain Certain Evidence under Seal.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to Maintain Certain Evidence under Seal (Doc. 34) is granted.

**IT IS SO ORDERED.**

**Dated this 20th day of April, 2018, at Topeka, Kansas.**

             **s/ Daniel D. Crabtree**
             **Daniel D. Crabtree**
             **United States District Judge**